UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGEB Y. HUSSAIN,
Plaintiff,

v.

ASURINT, et al.,
Defendants.

Case No. 26-cv-04033-AGT

**SCREENING ORDER**

Having granted Plaintiff's application to proceed *in forma pauperis* (dkt. 6), the undersigned now screens Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and concludes that the complaint is deficient, for the reasons identified below.

* * *

Plaintiff's only federal claim is for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Title VII prohibits employers from discriminating based on "race, color, religion, sex, or national origin," § 2000e–2(a), and from retaliating against employees and job applicants who oppose or file complaints alleging employment discrimination, § 2000e–3(a). *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347 (2013).

Plaintiff hasn't stated an actionable Title VII claim. Plaintiff alleges that Defendants

violated Title VII because they "discriminated based on my last name, the amount of money I have[,] and the fact that I was trying to cash out the house rather than pay [the] mortgage . . . ." Dkt. 1 at 5. Discrimination based on a person's last name could constitute national-origin discrimination, which is actionable under Title VII, but Plaintiff's allegations of national-origin discrimination are "mere conclusory statements, [which] do not suffice" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Meanwhile, discrimination based on a person's assets or the fact that he or she is trying to sell a home doesn't violate Title VII; discrimination of that kind isn't discrimination based on "race, color, religion, sex, or national origin," § 2000e–2(a), and doesn't constitute retaliation based on complaints about employment discrimination, § 2000e–3(a).

Plaintiff's complaint also includes several state-law claims. *See* Dkt. 1 at 4 (alleging violations of San Francisco's Fair Chance Ordinance, S.F., Cal., Police Code art. 49; and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*); *id.* at 5 (alleging violations of the Ralph Brown Act, Cal. Gov't Code § 54950 *et seq.*; and the Unruh Civil Rights Act, Cal. Civ. Code § 51). The Court won't exercise supplemental jurisdiction over these claims because Plaintiff hasn't stated an actionable federal claim. *Lima v. United States Dep't of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020).

Nor can the Court exercise original jurisdiction over the state-law claims based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff hasn't established that the parties are completely diverse, as necessary for diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). As "[t]he party seeking to invoke the district court's diversity jurisdiction," Plaintiff bears the burden of pleading complete diversity. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016).

* * *

Plaintiff may file an amended complaint, on or before September 1, 2026. If Plaintiff doesn't do so, or if Plaintiff files an amended complaint that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss the case.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Alex G. Tse
United States Magistrate Judge